IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,864-03






EX PARTE BARTHOLOMEW ANTONIO GUZMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1053411-A IN THE 262ND DISTRICT COURT


FROM HARRIS COUNTY





 

 Per curiam. Alcala, J., not participating.


 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child
and sentenced to ninety years' imprisonment. The First Court of Appeals affirmed his conviction. 
Guzman v. State, No. 01-06-00946-CR (Tex. App.--Houston [1st Dist.] 2008, pet. ref'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to investigate whether the complainant's injuries were caused by a fall in a bathtub. 
In support of his claim, Applicant attached a sworn affidavit from John Plunkett, M.D. Applicant
has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668
(1984); Ex parte Briggs, 187 S.W.3d 458 (Tex. Crim. App. 2005). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel
to respond to Applicant's claim. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first determine whether Plunkett's affidavit is credible. It shall then
determine whether counsel's conduct was deficient and, if so, whether Applicant was prejudiced. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: September 11, 2013

Do not publish